■ In the Matter of EDWARD S., a Person Alleged to be a Juvenile Delinquent, Appellant.—Orders, Family Court, New York County, entered on January 4, 1979, adjudicating respondent a juvenile delinquent on the ground that he committed acts, which, if done by an adult, would constitute criminal possession of a weapon in the fourth degree and escape in the third degree, and placing him with the Division for Youth, Title III, for a period of 18 months commencing on November 22, 1978, unanimously modified, as a matter of discretion in the interest of justice, to reduce placement to a period of 12 months, and, as so modified, the orders are affirmed, without costs (see Family Ct Act, § 756, subd [b], as amd, eff Sept. 1, 1978). Concur—Sullivan, J. P., Bloom, Markewich, Silverman and Ross, JJ.

■ JOSE BERMUDEZ, an Infant, by His Mother and Natural Guardian, DIANA BERMUDEZ, et al., Respondents, v WHITE CASTLE SYSTEMS, INC., Appellant.—Judgment, Supreme Court, New York County, entered May 22, 1979, modified, on the law and the facts, and a new trial ordered on the issue of damages recoverable on the cause of action interposed on behalf of the infant plaintiff Jose Bermudez, unless, within 30 days after service upon them of a copy of the order herein, with notice of entry, plaintiffs serve and file in the office of the clerk of the Supreme Court, a written stipulation consenting to reduce the judgment in favor of the infant to $80,000 and to the entry of an amended judgment in accordance therewith. Except, as so modified, the judgment appealed from is affirmed, without costs or disbursements. If plaintiffs so stipulate, the judgment, as so amended, and reduced, is affirmed, without costs or disbursements. The damages proven on behalf of the infant plaintiff warranted an award no greater than the $80,000 to which that plaintiff's recovery should be limited. Concur—Sullivan, J. P., Bloom and Silverman, JJ.

Markewich and Ross, JJ., dissent in a memorandum as follows: We consider the amount to which the judgment has been reduced to be grossly inadequate to compensate a small boy for injuries, the effect of which will be felt for an entire lifetime.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS FELIPE RIVERA, Appellant.—Judgment, Supreme Court, Bronx County, rendered on August 6, 1976, unanimously affirmed. Application by appellant's former assigned counsel, David H. Shapiro, Esq., to withdraw as such counsel is granted. (See Anders v California, 386 US 738; People v Saunders, 52 AD2d 833.) We have reviewed this record and agree with appellant's former assigned counsel that there are not meritorious points which could be raised on this appeal. Concur—Kupferman, J. P., Sandler, Sullivan, Bloom and Markewich, JJ.